

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. Lyne Miller
County Attorney
Bee County
Beeville, Texas

Dear Sir:

Opinion No. 0-5122
Re: Whether the Presbyterian
Church of Beeville is
liable for 1942 taxes on
property acquired after
January 1, 1942, and used
as a parsonage.

    In your letter of March 9, 1943, you requested our opinion on the following facts:

    "In March, 1942, Dave Parchman sold his home to the Presbyterian Church of Beeville. Since the date of purchase, the church has used the property for the minister's residence. As the property was owned by Parchman January 1, 1942, our local tax assessors assessed said property in Dave Parchman's name.

    "Does the Presbyterian Church of Beeville owe taxes for the entire year 1942 or only for that portion of the year from January 1st to the date of their purchase?"

    Article 7151, V.A.C.S. reads as follows:

    "All property shall be listed for taxation between January 1 and April 30 of each year, when required by the assessor, with reference to the quantity held or owned on the first day of January in the year for which the property is required to be listed or rendered. Any property purchased or acquired on the first day

of January shall be listed by or for the person purchasing or acquiring it. If any property has, by reason of any special law, contract or fact, been exempt or has been claimed to be exempted from taxation for any period or limit of time, and such period of exemption shall expire between January 1, and December 31 of any year, said property shall be assessed and listed for taxes as other property; but the taxes assessed against said property shall be for only the pro rata of taxes for the portion of such year remaining. Acts 1909, p. 373."

By Article 7152, V.A.C.S., the owner of real estate is required to list or render it for taxation. Should he fail to do so, Article 7205, V.A.C.S., makes it the duty of the Assessor to list and assess the same in "The name of the owner" if such name be known.

With respect to the enforcement of the liability of the taxpayer, Article 7272, V.A.C.S., states as follows:

"All real and personal property held or owned by any person in this State shall be liable for all State and County Taxes due by the owner thereof, including tax on real estate, personal property and poll tax; and the Tax Collector shall levy on any personal or real property to be found in his county to satisfy all delinquent taxes, any law to the contrary notwithstanding; . . . ."

By virtue of the provisions of these statutes, the ownership of property on the first day of January creates a personal liability on the part of the owner for taxes for that year, and the sale thereof shortly afterwards does not affect this liability. Humble Oil and Refining Company v. State (Civ. App.), 3 S.W. (2d) 559; Caswell & Co. v. Habberzettle (Civ. App.), 87 S.W. 911; Winters v. Independent School District (Civ. App.), 208 S.W. 574; Childress County v. State (Sup. Ct.), 92 S.W. (2d) 1011; Cranfill Bros. Oil Co. v. State (Civ. App.), 54 S.W. (2d) 813 (error refused); Gerlach Mercantile Co. v. State (Civ. App.), 10 S.W. (2d) 1035 (error refused).

As to the former owner's liability for taxes, 40 Texas Jurisprudence ¶ 70, page 104, states the following:

"Thus if the owner should sell the property before the date on which the tax becomes due he is liable therefor and to any penalties or interest that have accrued, although as between such owner and the purchaser, he may be entitled under the contract of sale to recover over from the purchaser."

In the light of the above authorities we think your local tax assessors correctly assessed taxes on the property in question against the owner as of January 1, 1942, regardless of the fact that the property was subsequently acquired by the Presbyterian Church and is now being used in such a way that it is exempt from taxation under the provisions of Article 7150b, V.A.C.S., and we feel that personal liability for the 1942 taxes on this property rests solely on such owner.

Notice, however, that under the provisions of Section 15 of Article VIII of our Constitution:

"The annual assessment made upon landed property shall be a special lien thereof; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent under such regulations as the legislature may provide."

Likewise, Article 7172, V.A.C.S., provides:

"All taxes upon real property shall be a lien upon such property until the same shall have been paid. And should the assessor fail to assess any real estate for any one or more years, the lien shall be good for every year that he should fail to assess for; and he may, in listing property for taxes any year thereafter, assess all the back taxes due thereon, according to the provisions of this title."

As was said by the Court in Caswell v. Habberzettle, supra, at 912:

"This lien attaches and the taxes become an incumbrance on the land from the date liability is fixed on the owner, which is the 1st day of January of the year, although the amount of said taxes is not fixed and determined until some time subsequent thereto."

Consequently, although the Presbyterian Church is under no personal liability for the payment of 1942 taxes upon this property, it did acquire the property at a time when it was burdened with a special lien to secure the payment of such taxes.

Despite the fact that Article 7150b, V.A.C.S., provides the following exemption for church property used as a parsonage: "There is hereby exempted from taxation any property owned exclusively and in fee by a church for the exclusive use as a dwelling place for the ministry of such church and which property yields no revenue whatever to such church; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event to more than one acre of land. Acts 1931, 42nd Leg., p. 67, ch. 44. | 1", it is our opinion that this Article in no way affects the existence or validity of any tax liens attached to the property prior to its acquisition by the church. Such liens continue and may be enforced in the usual manner despite the prospective tax exemption of the property.

Although the authorities and the discussion above have been addressed specifically to the question of State and county taxes, you will notice that, by the operative effects of Articles 1060a and 1043, V.A.C.S., the liens and liabilities for taxes levied by common school districts, independent school districts and incorporated cities and towns are to be treated the same as are those for State and county taxes.

Specifically answering your question, it is our opinion that the Presbyterian Church of Beeville is liable for no portion of the 1942 taxes on the property in question, but that the property was burdened with a lien for

such taxes at the time of its acquisition by the church and that such lien may be enforced despite the present ownership and utilization of the property by the church.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

RDM:ff

